# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40559** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Timothy D. HARNAR** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 3** |

On 23 January 2024, this court issued an order directing the Government to show good cause as to why this court should not remand the record of trial (ROT) for correction or take corrective action due to apparent irregularities in the post-trial processing documentation, including the convening authority's decisions, the entry of judgment (EOJ), and missing exhibits from the preliminary hearing officer's (PHO) report.

On 29 January 2024, the Government filed an answer to the court's order, stating this court should remand the record for correction. The Government proposed that to correct the errors described in our order, the base legal office should "generate a new, corrected (1) unexpurgated EOJ;[ ] (2) expurgated EOJ;" and (3) "re-serve Appellant with the victims' submission of matters and allow Appellant the proper time to respond in accordance with [Rule for Courts-Martial (R.C.M.)] 1106(d)(3), prior to re-accomplishment of the convening authority's decision on action." Additionally, the Government proposed detailed corrections to these items:

- The date of each new document should be updated.

- Both the expurgated and unexpurgated EOJ should say "corrected copy – destroy all others."

- Any corrections to the expurgated and unexpurgated EOJ should be made in accordance with [Department of Air Force Instruction (DAFI)] 51-201, [¶] 21.12 (i.e. lining out incorrect information and adding and underlining correct information).

- Both the expurgated and unexpurgated EOJ should reflect the new date of the convening authority's decision on action, once the proper procedures under [R.C.M.] 1106(d)(3) have been complied with. Both the expurgated and unexpurgated EOJ's corrections should reflect that the withdrawal and dismissal without prejudice of Charge

II and the Additional Charge will ripen into dismissal with prejudice upon completion of appellate review upholding Appellant's conviction of Charge I.

"A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2). "A superior competent authority may return a record of trial to the military judge for correction under this rule." *Id.* "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3). "Defective or incomplete ROTs may be forwarded by the superior competent authority to the Chief Trial Judge for correction. The Chief Trial Judge may detail a subordinate trial judge to correct the ROT in accordance with R.C.M. 1112(d)(2)." DAFI 51-201, ¶ 21.15.1.

Accordingly, it is by the court on this 31st day of January, 2024,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for insertion of the missing PHO exhibits, correction of the entry of judgment, re-serving victim matters and allowing Appellant the prescribed time to respond, and correction of any other erroneous post-trial documentation. Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1111(c)(3); R.C.M. 1112(d)(2). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

On **29 February 2024**, counsel for the Government will inform the court in writing of the status of compliance with this order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court